## OLYMPIA MINING & MILLING COMPANY, LIMITED, *v.* KERNS.

ERROR TO THE SUPREME COURT OF THE STATE OF IDAHO.

No. 495. Motion to dismiss or affirm submitted January 25, 1915.— Decided February 23, 1915.

This court has no jurisdiction under § 237, Judicial Code, to review the judgment of a state court, sustaining a demurrer to the complaint on the ground of statutory limitations, unless the Federal questions asserted as a basis for such jurisdiction were presented or suggested to the court below. *Appleby* v. *Buffalo,* 221 U. S. 524.

Even if the judgment of dismissal of the complaint was the result of
   sustaining a demurrer thereto, an express statement in the demurrer
   that it was based on the statute of limitation affords an opportunity
   for the plaintiff to assert that a Federal right would be impaired by
   applying the statute.
Writ of error to review 24 Idaho, 481, dismissed.


THE facts, which involve the jurisdiction of this court
on writ of error under § 237, Judicial Code, to review judg-
ment of the state court sustaining demurrer to and denying
complaint, are stated in the opinion.


*Mr. James H. Forney* for defendant in error, in support
of the motion.


*Mr. Charles E. Miller* for plaintiff in error, in opposition
to the motion:

In denying the plaintiff in error, while under legal dis-
ability, the same rights the state law gives to minors, in-
sane persons, criminals and married women, the plaintiff
in error is deprived of its property without due process of
law and is denied the equal protection of the laws. *Bar-
bier* v. *Connelly*, 113 U. S. 27.

Under the construction of the Idaho Supreme Court in
tolling the statutes of limitations against the plaintiff in
error, while under legal disability (minority we might say),
these statutes in their operation deprive it of its property
without due process of law and deny to it the equal pro-
tection of the laws. *Tregea* v. *Modesto Irr. Dist.*, 164
U. S. 179.

If a statute is so construed as to deprive one of his prop-
erty without due process of law, it violates the constitu-
tional provision and presents a Federal question. *Castillo*
v. *McConnico*, 168 U. S. 674.

Where there is an abuse of law, amounting to confisca-
tion of property or a deprivation of personal rights, the

Federal courts will interfere. *Norwood* v. *Baker*, 172 U. S. 269.

A refusal to consider a Federal question which is controlling in a case is equivalent to a decision against the Federal right involved therein, and gives the Supreme Court jurisdiction to review. *Des Moines Nav. Co.* v. *Iowa Co.*, 123 U. S. 552.

The objection to a tax that it is taking property without due process of law and denies to the taxpayers the equal protection of the laws raises a question under the Constitution of the United States; and where the question was necessarily involved in the final decision of the case, the writ of error cannot be dismissed. *Bell's Gap R. R.* v. *Pennsylvania*, 134 U. S. 232.

The court will not grant the motion if consideration of the merits is required. *Hecker* v. *Fowler*, 1 Black, 95.

To say that there is no error in this judgment, and affirm it for that reason, would be to decide the whole legal merits of the case and this cannot be done on a motion to dismiss. See also *Sparrow* v. *Strong*, 3 Wall. 97; *Minor* v. *Tillotson*, 1 How. 288.

When the question of jurisdiction is so involved with the other questions decided in the case that the Supreme Court cannot eliminate it without the examination of a voluminous record and passing on the whole merits of the case, it will reserve the question of jurisdiction until the case is heard on the final agreement on the merits. *Semple* v. *Hagar*, 4 Wall. 431.

Where the record suggests many points which cannot be considered upon a motion to dismiss, the court will refuse the motion, but will allow it to be again brought to the notice of the court when the case shall be argued upon its merits. *Day* v. *Washburn*, 23 How. 309; *Hecker* v. *Fowler*, 1 Black, 95; *Semple* v. *Hagar*, 4 Wall. 431; *Lynch* v. *De Bernal*, 131 U. S. 94.

On motion merely to dismiss, the merits of the case

cannot be considered. *Bohanau* v. *Nebraska*, 118 U. S.
231; *Hill* v. *Chicago & Erie R. R.*, 129 U. S. 170; *Chicago
Co.* v. *Needles*, 113 U. S. 574.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

Concerned now only with a motion to dismiss, we limit
our statement to that which is essential to decide such
issue. In 1912 the Olympia Mining & Milling Company,
Limited, the plaintiff in error, brought this suit to enforce
a trust agreement between Kerns, the defendant in error,
and one Cunningham by which it was alleged Kerns had
obliged himself in 1901 to transfer to Cunningham certain
property then owned or to be acquired by him for a des-
ignated consideration, Cunningham to put the title to the
property when transferred in the name of a corporation
to be by him organized of which Kerns was to have a
stated proportion of the stock. The bill was generally
demurred to and state statutes creating terms of limita-
tion of three, four and five years were expressly set out
in the demurrer as barring all right to the relief sought.
In reviewing the action of the trial court in sustaining the
demurrer the court below held that the statutes of limita-
tions were decisive. (24 Idaho, 481.) From the aver-
ments of the bill and facts disclosed in its previous records
concerning the controversy, the time when the term of the
statutes commenced to run was determined by the court
to be August, 1904, because on that date Kerns made
a sale of a portion of the property embraced by the trust
agreement and at the same time had bound himself to
sell it all,—obligations which were held to be a repudiation
by him of the trust agreement and in fact constituted a
disclaimer of all obligation under it. It was held that by a
suit brought in 1905, by which Cunningham was bound,
it was judicially admitted that at that time there was a

default in carrying out the trust agreement on the part of Cunningham or those holding with or under him and a knowledge on their part of the disclaimer of all obligation by Kerns,—conclusions which caused the statutes to be operative since from the date of the starting point, 1904, to the date of the bringing of the present suit, in 1912, more than the statutory periods had elapsed.

Briefly stated, two propositions are relied upon, first, that causing the term of the statutes to commence to run from the year 1904 was a violation of the due process clause of the Fourteenth Amendment because at that date the corporation was not in existence and hence was without capacity to take and hold the property embraced by the trust agreement. Second, as the state statutes of limitations, generally speaking, did not run against minors or incapacitated persons, to cause the term to commence to run against the corporation before it came into existence and had capacity to take the property was a denial of the equal protection of the laws under the Fourteenth Amendment. But without in the remotest degree admitting that these propositions afford the slightest ground for converting such a purely state question as the operation of statutes of limitations upon real property situated in a State into Federal questions giving rise to jurisdiction of this court to review, there is obviously in any event no jurisdiction because in no manner and at no time were the alleged Federal questions, be they real or imaginary, presented or even remotely suggested to the court below. *Appleby* v. *Buffalo*, 221 U. S. 524, 529. In the argument this is admitted, but it is said the propositions ought now to be treated as adequate to confer jurisdiction because there was no opportunity to urge or suggest them in the courts below. Again, without conceding the merit of the suggestion if founded in fact, it is here plainly not so founded since the statutes of limitations which were upheld by the court below were in express terms stated in the

demurrer filed in the trial court and yet the record is silent as to any suggestion of assumed Federal right until after the decision below when the assignments of error were made for the purpose of a review by this court.

*Dismissed for want of jurisdiction.*